IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Larry Drake Hansen,<br><br>                     Plaintiff,<br>v.<br><br>United States of America,<br><br>                     Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-102 DB DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Dee Benson pursuant to 28 U.S.C. 636(b)(1)(B). (ECF 5.) Before the court are two motions: (1) Defendant United States of America's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF 9) and Defendant's motion to dismiss also under Rule 12(b)(1) because this case is now moot. (ECF 15.) The undersigned recommends the case be dismissed because it is moot and the first motion to dismiss be deemed moot.

BACKGROUND

Larry Hansen sued the United States alleging an improper holding of abandonment of the application and dismissal of his repeated Petitions to Revive patent application 14/960,422 with the United States Patent and Trademark Office (USPTO). *See* Compl. p. 3-5, ECF 1. Mr. Hansen filed his patent application, titled "Process Allowing Remote Retrieval Of Contact Information Of Others Via Telephone Voicemail Service Product," on December 6, 2015. *See* Compl. Ex. 1, pp. 1–26. The USPTO confirmed receipt of the application, assigned it an application number, and on December 15, 2015, mailed Mr. Hansen a Notice To File Missing Parts. The USPTO requested Mr. Hansen provide a mailing address and residence for each inventor by either filing

a new application data sheet or filing an inventor's oath or declaration. This was not done and the USPTO mailed Mr. Hansen a Notice Of Abandonment. *See id.* pp. 33-34. In his complaint, Plaintiff contests whether an application data sheet is or was required. Plaintiff asserts Defendant's conduct violated "tort law (at least: negligence, negligence *per se*, and/or gross negligence, etc.) in either [Utah or Virginia] jurisdiction[s]." Compl. p. 5. And, under the Federal Tort Claims Act seeks a "conservative judgment" against Defendant based on a calculation of the number of mobile phones being used in the world as of 5/1/2017 with growth for new subscribers from the date of his nonprovisional patent filing.

After Defendant filed the first motion to dismiss, Mr. Hansen properly provided the court with a notice of supplementation of administrative record/supplemental pleading. (ECF 14.) Attached to the pleading is a decision from the USPTO granting Mr. Hansen's application to revive the patent application. *See* Ex. A. In the first motion to dismiss, the Government argued that dismissal was appropriate because the abandonment was non-final and Mr. Hansen was still pursuing revival of the patent application. Mr. Hansen's application to revive became successful prior to the court ruling on the first motion to dismiss. Defendant now seeks to dismiss this case because it is moot.

## ANALYSIS

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); accord *Walling v. Shenandoah–Dives Min. Co.*, 134 F.2d 395, 396–97 (10th Cir. 1943) ("When in the course of a trial the matter in controversy comes to an end, either by an act of one or both of the parties or by operation of law, the question becomes moot and the court is without further jurisdiction in the matter."). "To satisfy the Article III case or controversy

requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow*, 464 U.S. at 67. The case or controversy requirement continues throughout all stages of a case and even if a dispute existed when a suit was initially filed, it may become moot later if the parties fail to have a continued "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (quotations and citations omitted).

In this case, Mr. Hansen's complaint is based on an allegedly improper holding of abandonment and dismissal of his repeated Petitions to Revive patent application 14/960,422. His petition to revive has now been granted. Despite this positive outcome, Mr. Hansen opposes dismissal on mootness grounds arguing the loss of valuable time can never be regained and is compensable under 28 U.S.C. § 1346(b). Plaintiff further cites to *Friends of Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 174 (2000), for the proposition that a defendant's voluntary cessation of allegedly unlawful conduct does not suffice to moot a case and that principle is applicable here. Further, Plaintiff avers that Defendant cannot escape the collateral source rule where "a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." *DuBois v. Nye*, 584 P.2d 823, 825 (Utah 1978). Finally, Mr. Hansen points to the Utah Consumer Sales Protection Act arguing it precludes dismissal.

Each of Plaintiff's arguments against dismissal fail. Mr. Hansen complains of alleged torts in the process of his petitions to revive his patent application. The application has now been granted. Any alleged damages for the loss of "valuable time" are based on the dual speculative premise that not only will the patent application succeed, but that it will also be applicable to

"mobile phones being used in the world." "[D]amages that are based on conjecture, speculation, or guesswork are not recoverable." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1330 (10th Cir. 1996); *see also Smith v. Babcock Poultry Farms, Inc.*, 469 F.2d 456, 459 (10th Cir. 1972). Next, any unlawful conduct, which is at best highly questionable as pled, pertained to an application that is now granted. Finally, the collateral source rule and the Utah Consumer Sale Protection Act are inapplicable and once again based on speculation that Mr. Hansen's application will result in "valuable economic prospect(s)/relation(s) with mobile subscribers/customers/companies around the globe." (ECF 16, p. 3.) The case, therefore, is now moot and the court no longer has jurisdiction to hear it. Defendant's motion to dismiss under Rule 12(b)(1) for mootness should be GRANTED and this case dismissed without prejudice for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendant's motion to dismiss under Rule 12(b)(1) for mootness be granted and the other remaining motion to dismiss be deemed moot.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 November 2019.

_____
Dustin B. Pead
United States Magistrate Judge