# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY DRAKE HANSEN,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br><br>Case No. 2:19-cv-102-DB DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

      Before the court is a Report and Recommendation issued by Magistrate Judge Dustin B. Pead, dated November 19, 2019. (Dkt. No. 18.) In the Report and Recommendation, Judge Pead recommends that this case be dismissed for mootness. The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff filed an Objection to the Report and Recommendation on December 4, 2019. (Dkt. No. 19.) Defendant responded to Plaintiff's Objection on December 17, 2019. (Dkt. No. 20.)

      In his Objection, Plaintiff reiterates his arguments that were considered and addressed by Magistrate Judge Pead in his Report and Recommendations. Plaintiff argues that dismissal on the grounds of mootness is improper because this is a case for compensatory money damages under the Federal Tort Claims Act, not injunctive relief. Plaintiff contends that a live case or controversy still exists in this matter because Defendant's act of allegedly improperly abandoning Plaintiff's patent application was injuriously negligent, causing him a legal injury in the loss of valuable time.

The court has performed a de novo review of the record that was before the magistrate judge and the reasoning set forth in his Report and Recommendation. The court has also considered the arguments set forth in the Objection. In light of Plaintiff's petition to revive his patent application now being granted, the court agrees with the reasoning and assessment of Judge Pead that this case should be dismissed as moot and that any alleged damages for lost time are speculative and not recoverable. The court also agrees with Judge Pead that the allegedly unlawful conduct pled by the Plaintiff pertained only to an application that is now revived, rendering such allegations moot. Furthermore, the court agrees that the collateral source rule and the Utah Consumer Sale Protection Act are inapplicable.

"When in the course of a trial the matter in controversy comes to an end, either by an act of one or both of the parties or by operation of law, the question becomes moot and the court is without further jurisdiction in the matter." *Walling v. Shenandoah-Dives Min. Co.,* 134 F.2d 395, 396 (10th Cir. 1943). This case is moot, and the court no longer has jurisdiction to hear it. The court ADOPTS Judge Pead's Report and Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Pead (Dkt. No. 18) is ADOPTED. Defendant's Motion to Dismiss for Mootness (Dkt. No. 15) is GRANTED, and Defendant's other Motion to Dismiss (Dkt. No. 9) is deemed moot. This case is DISMISSED without prejudice.

DATED this 30th day of December, 2019.

BY THE COURT:

Dee Benson
United States District Judge