IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY DRAKE HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:19-CV-00102-BSJ<br><br>District Judge Bruce S. Jenkins |

This matter is before the court on remand from the Tenth Circuit. Defendant's Motion to Dismiss[1] came before the court on January 12, 2022. Plaintiff Larry D. Hansen appeared *pro se*, and Mr. Patrick Holvey appeared on behalf of Defendant United States. Defendant filed its Motion to Dismiss for Lack of Jurisdiction on October 5, 2021. At the January 12, 2022 hearing, the court heard oral arguments on the motion and took the matter under advisement.

Having considered the parties' briefs, the evidence presented, the oral arguments, the relevant law, and the full record in this matter, the Court GRANTS the Defendant's Motion to Dismiss.[2]

## BACKGROUND

This is a tort case regarding the dismissal of Mr. Hansen's patent application, No. 14/960,422. Mr. Hansen filed this action against the United States under the Federal Tort Claims Act after the United States Patent and Trademark Office ("USPTO") allegedly incorrectly determined that Mr. Hansen's patent application had been abandoned and subsequently denied

---

[1] ECF No. 57.
[2] *Id.*

his multiple Petitions to Revive the application.[3] Mr. Hansen asks in excess of $3 billion in damages in his Second Amended Complaint for allegedly lost revenue for lost sales from his device.[4]

I.     **Mr. Hansen's Patent Application History**

Mr. Hansen filed his U.S. patent application, entitled "Process Allowing Remote Retrieval of Contact information Of Others Via Telephone Voicemail Service Product," on December 6, 2015.[5] The USPTO assigned his application the number 14/960,422.[6]

Mr. Hansen's application did not include an Application Data Sheet ("ADS"), a required element of a completed patent application.[7] USPTO regulations require a patent applicant to include the residence and mailing address of each inventor through an ADS or oath or declaration.[8] According to the USPTO, Mr. Hansen did not include the mailing address or residence for each inventor, which rendered his application incomplete.[9] Mr. Hansen contests the allegation that his address was not included in his application as the inventor of the device.[10]

On December 15, 2015, the USPTO allegedly sent a "Notice to File Missing Parts" document to the address registered with Mr. Hansen's customer number.[11] The notice requested Mr. Hansen submit an ADS or file an inventor's oath or declaration to provide the missing mailing address and residence for each inventor.[12] Mr. Hansen alleges he did not receive the Notice to File Missing Parts.[13]

---

[3] ECF No. 50.
[4] *Id.*
[5] ECF No. 57.
[6] *Id.*
[7] *Id.*
[8] *See* 37 CFR §§ 1.63, 1.76.
[9] ECF No. 57.
[10] ECF No. 50.
[11] ECF No. 57.
[12] *Id.*
[13] ECF No. 50.

After Mr. Hansen failed to provide the requested information, the USPTO mailed Mr. Hansen a Notice of Abandonment on August 16, 2016, informing him that his application had been deemed abandoned after his failure to timely reply to the Notice to File Missing Parts.[14]

Mr. Hansen subsequently filed a Petition to Revive on October 15, 2016, alleging he never received the Notice to File Missing Parts.[15] Mr. Hansen also filed an ADS with the necessary information, but the USPTO determined that he did not follow the proper format required by its regulations.[16] Namely, Mr. Hansen had failed to underline the new information.[17]

On February 27, 2017, the USPTO dismissed Mr. Hansen's petition. The USPTO alleged Mr. Hansen had not adequately provided support to his assertion that he did not receive the Notice to File Missing Parts and Mr. Hansen had failed to follow the regulation regarding underlying new information in an ADS.[18]

Mr. Hansen filed a Renewed Petition to Revive on April 24, 2017, and he did not make the requisite changes that the USPTO had noted in its prior dismissal.[19] The USPTO subsequently mailed a dismissal to Mr. Hansen on May 1, 2017, dismissing the petition for the same two reasons: lack of documentation that he failed to receive the Notice to File Missing Parts and the failure to comply with regulations in the ADS.[20]

Mr. Hansen filed a Second Renewed Petition to Revive on June 21, 2017, which again failed to remedy the issues highlighted by the USPTO.[21] The USPTO subsequently dismissed the petition on September 20, 2017, for the same reasons as previously noted.[22]

---

[14] ECF No. 57.
[15] *Id.*
[16] *Id.*
[17] *See* 37 CFR § 1.76(c).
[18] ECF No. 57.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

3

On November 11, 2017, Mr. Hansen proceeded to file a Third Renewed Petition to Revive without making any of the requisite changes.[23] The USPTO responded on April 10, 2019, mailing Mr. Hansen a dismissal and instructing how to remedy the deficiencies in his petition.[24]

Mr. Hansen proceeded to file the original Complaint[25] in this matter on February 14, 2019, followed by filing a Fourth Renewed Petition to Revive on May 21, 2019.[26] In this petition, Mr. Hansen included a compliant ADS with the new information underlined.[27] With a compliant ADS on file, the USPTO granted Mr. Hansen's Fourth Renewed Petition to Revive on June 10, 2019.[28]

The patent application then went into normal examination and underwent a series of non-final rejections, ending with a final rejection on October 6, 2020.[29] Mr. Hansen appealed the decision, and the Examiner issued a Notice of Allowance on June 11, 2021. Mr. Hansen paid the issue fee, and the USPTO issued the patent, adjusting the patent term by 347 days under 35 U.S.C. § 154(b).[30] This statute provides for the contents and terms of patents, including adjustments. It states:

> [I]f the issue of an original patent is delayed due to . . . appellate review by the Patent Trial and Appeal Board or by a Federal court in a case in which the patent was issued under a decision in the review reversing an adverse determination of patentability, the term of the patent shall be extended 1 day for each day of the pendency of the proceeding, order, or review, as the case may be.

*Id.* at § 154(b)(1)(C)(iii).

Mr. Hansen had one opportunity "to request reconsideration of any patent term adjustment determination made by the Director" under 35 U.S.C. § 135(b)(3)(B)(ii). He did not

---

[23] ECF No. 57.
[24] *Id.*
[25] ECF No. 1.
[26] ECF No. 57.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*

4

make any such request for reconsideration of the patent adjustment term already given to him as a result of the appeal process delay.[31]

## II. Procedural History of Federal Case

Mr. Hansen filed his original Complaint in this action on February 14, 2019, alleging tortious conduct by the USPTO in its failure to approve his patent applications.[32] Mr. Hansen then moved to amend his Complaint on March 27, 2019.[33] The United States moved to dismiss the Complaint pursuant to Rule 12(b)(1) on April 22, 2019.[34] Mr. Hansen then filed a Notice and Supplementation of Administrative Record on July 15, 2019, alerting the Court that his Fourth Renewed Petition had been granted.[35] The United States responded by filing a second Motion to Dismiss based on Mr. Hansen's claim being moot.[36] Magistrate Judge Dustin Pead issued a Report and Recommendation that advised granting the United States' Motion to Dismiss for mootness because the patent had issued.[37] Judge Dee Benson, the judge who originally oversaw this matter, followed Judge Pead's recommendation and dismissed the case as moot on December 30, 2019.[38]

Mr. Hansen appealed on May 8, 2020.[39] The Tenth Circuit reversed on May 10, 2021, concluding that the revival of Mr. Hansen's patent application did not resolve his damages claim.[40] The court noted that "[t]here remain[ed] a live case or controversy here because the district court could grant Mr. Hansen relief in the form of damages for past injury if he were to

---

[31] ECF No. 57.
[32] ECF No. 1.
[33] ECF No. 4.
[34] ECF No. 9.
[35] ECF No. 14.
[36] ECF No. 15.
[37] ECF No. 18.
[38] ECF No. 21.
[39] ECF No. 25.
[40] ECF No. 29 at 6.

5

prevail on his tort claim."[41] The case was then remanded to the district court and reassigned to Judge Bruce S. Jenkins.[42]

Mr. Hansen filed his Second Amended Complaint on September 15, 2021.[43] The government proceed to file its present Motion to Dismiss on October 5, 2021, and the Court heard arguments on January 12, 2022.[44] The government seeks to dismiss the Second Amended Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

### I. Standard for Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

"The federal courts are courts of limited subject-matter jurisdiction. And since we have limited jurisdiction, we may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). The Plaintiff has the burden of demonstrating this Court has jurisdiction to hear his claims. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense of lack of subject-matter jurisdiction in a motion, as Defendant has here. The Tenth Circuit has concluded that "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

---

[41] *Id.* at 8.
[42] ECF No. 30.
[43] ECF No. 50.
[44] ECF No. 73.

6

Defendant United States has challenged Mr. Hansen's Second Amended Complaint on the factual matter upon which subject matter is based.

## II. Mr. Hansen Has Not Established that the United States Waived Sovereign Immunity Over His FTCA Claim.

"According to well-established law, the federal government and its agencies cannot be sued without an express waiver of sovereign immunity." *Int'l Advocate v. United States*, No. 2:99-cv-0322, 2000 WL 36732683 at *1 (D. Utah Mar. 13, 2000) (Jenkins, J.) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). The Plaintiff bears the burden of establishing that Congress has waived sovereign immunity to allow suit against the United States for a particular claim. *See James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) ("The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.").

All of Mr. Hansen's causes of actions were brought under the Federal Torts Claims Act ("FTCA"). The FTCA waives the government's sovereign immunity for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b). There are several exceptions to that waiver, most pertinently the discretionary function exception. *See* 28 U.S.C. § 2680.[45]

The discretionary function exception is located within 28 U.S.C. § 2680(a) and limits the waiver of sovereign immunity if the governmental conduct involves an element of the employee's judgment or choice. "The basis for the discretionary function exception was Congress' desire to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

---

[45] Listing the exceptions to the government's waiver of its sovereign immunity.

7

The Supreme Court laid out a two-part test to determine whether the discretionary function exception applies. First, the court:

> [D]etermine[s] whether the challenged conduct involves an element of judgment or choice, in which case it is discretionary and falls within the language of the exception, or whether it involves a federal statute, regulation, or policy that specifically prescribes a course of action for an employee to follow, in which case the exception does not apply.

*Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir. 1993) (explaining the test laid out in *Berkovitz*, 486 U.S.).

Second, the court asks "whether that judgment is the kind that the discretionary function was designed to shield." *Id.* at 1103. The Tenth Circuit has established that conduct that "implicates the exercise of a policy judgment of a social, economic, or political nature" triggers the discretionary function exception and shields the government from suit. *Duke v. Dep't of Agric.*, 131 F.3d 1407, 1411 (10th Cir. 1997).

Mr. Hansen has alleged the following tortious conduct under the FTCA: "negligence by a federal employee (acting in his/her official capacity); and/or negligence *per se*; and/or tortious and/or negligent interference with economic relation(s) and/or prospect(s) (under *Eldrige v. Johndrow* – and/or *as applied*); and/or breach of fiduciary duty; and/or respondeat superior, and/or negligent performance of an undertaking; and/or gross negligence- with disregard for, and/or in violation of" various provisions in the Code of Federal Regulations, the United States Code, the Utah Code Annotated, and the Code of Virginia.[46]

The negligent conduct that Mr. Hansen alleges appears to be the USPTO issuing the Notice to File Missing Parts, finding that his application was abandoned, and denying his various Petitions to Revive for failing to comply with regulations. All these actions were taken by Ms.

---

[46] ECF No. 50 at 10.

Patricia Faison-Ball, the Attorney Advisor within the USPTO's Office of Petitions, acting with delegated authority by the Director of the USPTO.[47]

Appling the pertinent test, it is clear that the complained of actions were within the discretionary function of the USPTO, and therefore sovereign immunity has not been waived. The first question is whether the conduct involves an element of judgment or choice or involves a specific statute or regulation that dictates the course of action for the employee. *Kiehn*, 984 F.2d at 1102. Here, Mr. Hansen's allegation is that the cited regulations and statutes prescribed courses of action for the employee which were ultimately disregarded.

The USPTO derives its authority to issue patents from 35 U.S.C. § 131, which says that "[t]the Director shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Director shall issue a patent therefor." Other courts, including this district and the Ninth Circuit, have noted that this statute clearly reveals the discretionary nature of examining and approving patent applications. *See Hansen v. United States*, No. 2:18-cv-224, 2020 WL 10355124, at *2 (D. Utah Mar. 9, 2020) (Waddoups, J.) (involving another attempt by Mr. Hansen to sue the USPTO over a failed patent application); *Chamberlin v. Isen*, 779 F.2d 522, 524 (9th Cir. 1985). Accordingly, the first element of the *Berkovitz* test has been met.

Second, the court must then assess whether the judgment that occurred was the type of activity that the discretionary function was designed to shield. *Kiehn*, 984 F.2d at 1102. The Tenth Circuit has interpreted this prong of the test to mean judgments on "social, economic, or political" matters trigger the discretionary function. *Duke*, 131 F.3d at 1411. The Ninth Circuit has concluded that "[t]he decision of a patent examiner regarding the clarity and definiteness of a

---

[47] ECF No. 57.

9

patent application arguably implicates the social and economic concerns underlying the patent system." *Chamberlin*, 779 F.2d at 525. The court further found that "the public policy implications of patent examining" warranted the discretionary function exception applying to protect this discretionary process. *Id.* at 526. Courts in this district have previously applied that holding to patent cases. *See Hansen*, 2020 WL 10355124. The second prong of *Berkovitz* is met, and the discretionary function exception should apply.

It is also worth noting that Mr. Hansen has previously attempted to bring FTCA claims against the USPTO for failure to approve a patent application in this court, and the court similarly declined to find jurisdiction due to the discretionary function exception applying. *See Hansen*, 2020 WL 10355124. The Plaintiff's pattern of subjecting the USPTO to litigation after issues getting his patent application approved after having had his previous suit dismissed for lack of jurisdiction reveals that this is the very type of suit that should be barred by the discretionary function exception.

### III. The Proper Venue for This Matter is the Eastern District of Virginia.

By contesting the decision that his patent application had been abandoned, Mr. Hansen is disputing a determination made by the Director of the USPTO. Specifically, Mr. Hansen is disputing the patent term adjustment that was calculated by the USPTO—namely, he has complained of negligently-lost patent protection of 3.527 years.[48] There is a specific statutory scheme dealing with patent term adjustments, located at 35 U.S.C. § 154(b) and 37 C.F.R. §§ 1.703, 1.704. Under 35 U.S.C. § 154(b)(3)(B)(ii), Mr. Hansen had an opportunity to pursue the administrative remedy of requesting reconsideration of that patent term adjustment and did not do so. The USPTO thus acted within the statutory provision and fulfilled its duty to provide a

---

[48] ECF No. 50.

patent term adjustment due to delays on its part, and Mr. Hansen did not take advantage of the remedy provided to him by that same statute. He therefore did not exhaust his administrative remedies before filing in this Court.

35 U.S.C. § 154(b)(4) provides that "[a]n applicant dissatisfied with the Director's decision on the applicant's request for reconsideration under paragraph (3)(b)(ii) shall have exclusive remedy by a civil action against the Director filed in the United States District Court for the Eastern District of Virginia within 180 days after the date of the Director's decision on the applicant's request for reconsideration." Though Mr. Hansen's claim is under the FTCA and he did not request a reconsideration from the USPTO, this statutory scheme has preempted the more general remedies available under the FTCA with respect to the relief he seeks. Instead, it offers an *exclusive* cause of action against the Director in a specific court for alleged errors made in the patent term determination period, which is at the heart of Mr. Hansen's claim. Therefore, the proper venue for this matter is the United States District Court for the Eastern District of Virginia, and this Court does not have jurisdiction to decide the matter.

## CONCLUSION

For the reasons provided above, the allegedly tortious conduct falls within the discretionary function exception to the FTCA, and the proper venue for this matter was the Eastern District of Virginia. The court therefore lacks jurisdiction to hear the matter. Defendant's motion[49] is GRANTED.

DATED this 24th day of June, 2022.

Bruce S. Jenkins
United States District Judge

---

[49] *Id.*